IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HOUSTON, | : | |
| | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-1320 |
| | : | |
| UNITED STATES OF AMERICA, | : | (Judge Brann) |
| | : | |
|     Defendant | : | |

**MEMORANDUM**

February 12, 2016

**Background**

This pro se action pursuant to the Federal Tort Claims Act (FTCA) was filed by Eric Houston an inmate confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) in the United States District Court for the Northern District of New York. The matter was subsequently transferred to this Court. Named as sole Defendant is the United States of America.

According to the Complaint, on May 25, 2014 the Plaintiff was subjected to sexual and physical abuse by members of the USP-Lewisburg correctional staff. The exact nature of the alleged events and claims cannot be deciphered due to the

1

vagueness of the Complaint. Following service of the Complaint, the Defendant filed a motion seeking entry of summary judgment. See Doc. 19. The opposed motion is ripe for consideration.

**Discussion**

Defendant claims entitlement to entry of summary judgment because "Houston failed to file an administrative tort claim before he commenced his lawsuit." Doc. 21, p. 1.

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609

(M.D. Pa. 1992).  Unsubstantiated arguments made in briefs are not considered evidence of asserted facts.  Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial."  Celotex, 477 U.S. at 322-23.  "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'"  Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Exhaustion**

3

The FTCA provides a remedy in damages for the simple negligence of employees of the United States.  See United States v. Muniz, 374 U.S. 150, 150 (1963).  Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts.  See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003).

A plaintiff pursuing an FTCA claim must show:  (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss.  Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961).  The only proper Defendant for purposes of an FTCA claim is the United States of America.  See 28 U.S.C. § 2679(d).  Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim.  See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988).[1]

---

[1] Specifically, 28 U.S.C § 2675(b) provides:

> Action under this section shall not be instituted for any sum in excess of the claim presented to the federal agency, except where the increased amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

(continued...)

The statute of limitations for submitting an administrative tort claim to the agency is two (2) years.  See id. at § 2401(b).  A court may not extend the six month time period.[2]  See United States v. Kubrick, 444 U.S. 111, 117-18 (1979).  The deadline for seeking judicial review is six (6) months after the agency's final denial of the administrative tort claim.  See Pascale v. United States, 998 F. 2d 186 (3d Cir. 1993).  This statute of limitations begins to run from the mailing date of the denial.  Tuttle v. United States Postal Service, 585 F. Supp. 55 (M.D. Pa. 1983), aff'd, 735 F. 2d 1351 (3d Cir. 1984).

An action filed pursuant to the FTCA must first be submitted in writing to the appropriate federal agency as an administrative tort claim.  See 28 U.S.C. § 2675 (a).  A plaintiff cannot present one claim to an agency and then initiate suit based on a different set of facts.  Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).  Lightfoot v. U.S., 564 F.3d 625 (3d Cir. 2009) elaborated that the requirement of presenting an administrative tort claim "means more than merely

---

[1](...continued)

[2]   The time limitations contained in the FTCA are jurisdictional in nature.  Willis v. United States, 879 F. Supp  889, 892 (C.D. Ill.  1994). Thus, a plaintiff's failure to sue within the period of limitations recognized by § 2401 deprives a court of subject matter jurisdiction.  Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994).

mailing the claim." Id. at 628. It added that mailing is not presenting, there must be receipt. See id. Furthermore, "a plaintiff must demonstrate that the Federal agency was in actual receipt of the claim." Id.

In support of its non-exhaustion argument, the Defendants has submitted a declaration under penalty of perjury by USP-Lewisburg Attorney Advisor Jennifer Knepper who states that a review of the BOP's computerized records systems reveals that from October 2007 to April 21, 2015, Plaintiff initiated 35 administrative tort claims while incarcerated. See Doc. 20-2, ¶ 4.

According to Attorney Knepper, the last administrative tort claim filed by Houston was received by the Bureau of Prisons (BOP) on May 14, 2014 and regarded a loss of property on August 15, 2013. See id. at ¶ 5. The claim was denied on October 24, 2014.

Although Plaintiff has submitted an opposing brief, he has not provided any evidence whatsoever which would support a determination that he filed a proper administrative tort claim regarding the May 25, 2014 incident. Rather, Houston's opposing brief simply contends that all prison officials are engaging in fabrication to cover up the misconduct of USP-Lewisburg staff.

The Defendant has clearly established by competent and undisputed evidence that Plaintiff has not filed an administrative tort claim with the BOP

since May 14, 2014. As such, Houston clearly did not initiate an administrative tort claim regarding the alleged May 25, 2014 incident prior to his initiation of this federal lawsuit.

Based upon an application of § 2675 to the undisputed record, since there is evidence presented by Plaintiff to show that the BOP received an administrative tort claim regarding his alleged May 25, 2014 sexual and physical assault while at the USP-Lewisburg, the Defendant's request for entry of summary judgment will be granted.

BY THE COURT:

  s/   Matthew W. Brann
Matthew W. Brann
United States District Judge